IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | |
| Plaintiff, | |
| v. | Civil Action No. \_\_\_\_-cv-\_\_\_\_\_ |
| **ILLUMINA, INC.,** and **GRAIL, INC.,** | |
| Defendants. | |

**PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION
FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff, the Federal Trade Commission (the "Commission"), has filed this action seeking an order preliminarily enjoining the proposed acquisition of Defendant GRAIL, Inc., by Defendant Illumina, Inc., as a violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. By this motion, the Commission seeks an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure of the discovery taken in the investigation, and to be taken in this litigation, because that discovery contains confidential commercial information of Defendants and of third parties.

In the course of its investigation, the Commission obtained discovery from both of the Defendants and from third parties that is relevant to the Complaint but which contains competitively sensitive information. This competitively sensitive information includes trade secrets and other confidential research, development, commercial, or financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Section 6(f) of the Federal Trade Commission Act, 15 U.S.C. § 46(f). The proposed Protective Order will

1

allow the Commission to share this discovery with outside counsel for Defendants but will protect this information against unwarranted disclosure either to Defendants or to the public.

Rule 26(c) of the Federal Rules of Civil Procedure grants the Court discretion to issue such protective orders. That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following
>
> . . .
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]

FED. R. CIV. P. 26(c)(1).

For the Court's information, the Commission has initiated a parallel administrative proceeding under 15 U.S.C. § 45(b) challenging this acquisition. The protective order the Commission proposes here is similar to the protective order that is entered in these administrative cases pursuant to 16 C.F.R. § 3.31, Appendix A.

In accordance with Local Rule 7(m), attorneys for the Commission discussed this motion with opposing counsel, and Defendants do not oppose this motion.

A proposed order is attached.

Dated: March 30, 2021                    Respectfully submitted,

/s/ Susan Musser
Susan Musser
D.C. Bar #1531486
Senior Trial Counsel
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
Telephone: (202) 326-2122
Email: smusser@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th of March, 2021, I served the forgoing on the following counsel via electronic mail:

Christine A. Varney, Esq.
Sharonmoyee Goswami, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1140
cvarney@cravath.com
sgoswami@cravath.com

*Counsel for Illumina, Inc.*

Michael G. Egge, Esq.
Marguerite M. Sullivan, Esq.
Latham & Watkins LLP
555 Eleventh Street, NW
Washington, D.C. 20004
(202) 637-2285
michael.egge@lw.com
marguerite.sullivan@lw.com

*Counsel for GRAIL, Inc.*

                                                Susan Musser
                                                *Attorney for Plaintiff*
                                                *Federal Trade Commission*