IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | | |
| | Plaintiff, | |
| | | Civil Action No. ____-cv-_____ |
| | v. | |
| **ILLUMINA, INC.,** and **GRAIL, INC.,** | | |
| | Defendants. | |

**[PROPOSED] PROTECTIVE ORDER**

For the purposes of protecting the interests of the parties and third parties in the above-captioned matter (the "Litigation") against the improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Protective Order ("Protective Order") shall govern the handling of all Confidential Material, as hereafter defined.

1.      As used in this Order, "Confidential Material" shall refer to any Document or portion thereof that contains privileged information, Competitively Sensitive Information, or Sensitive Personal Information.  "Competitively Sensitive Information" shall refer to, but shall not be limited to, any trade secret or competitively sensitive research, analysis, technical, financial, development, or commercial information that has not been released into the public domain.  "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and

any sensitive health information identifiable by individual, such as an individual's medical records.  "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a Party or third party.  "Defendants" shall refer to Illumina, Inc. and GRAIL, Inc.  "Commission" shall refer to the FTC, or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this proceeding.  "Parties" shall refer to the Defendants and the Commission.

2.       Any Document or portion thereof submitted by a Defendant or a third party during an FTC investigation or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document, or information that discloses the substance of the contents of any Confidential Materials derived from a Document subject to this Protective Order, shall be treated as Confidential Material for purposes of this Protective Order.  The identity of a third party, including the identity of a third party's employer, submitting such Confidential Material shall also be treated as Confidential Material for the purposes of this Protective Order where the submitter has requested such confidential treatment.

3.       The Parties and any third parties, in complying with informal discovery requests, disclosure requirements, discovery demands or subpoenas in this proceeding, may designate any responsive Document or portion thereof as Confidential Material, including Documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4. The Parties, in conducting discovery from third parties, shall provide to each third party a copy of this Protective Order so as to inform each such third party of his, her, or its rights herein.

5. A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6. Material may be designated as Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. Illumina/GRAIL", "CONFIDENTIAL–FTC v. Illumina, *et al.,* Case No. [●]" or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the Document considered to be Confidential Material. Confidential Material contained in electronic Documents may also be designated as confidential by placing the designation "CONFIDENTIAL– Illumina/GRAIL", "CONFIDENTIAL–FTC v. Illumina, *et al.* Case No. [●]", or any other appropriate notice that identifies this proceeding, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or third party desiring to designate any or all portions of oral testimony as Confidential Material shall

do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material after the oral testimony is given.

7. Confidential Material shall be disclosed only to: (a) the Court presiding over this proceeding and personnel assisting the Court, including their support staff; (b) the Commission and its employees, and personnel retained by the Commission as experts or consultants for this proceeding and any state or commonwealth that may hereafter join this Litigation as a plaintiff (provided such state, commonwealth, expert, or consultant has signed Exhibit A); (c) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter; (d) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of a Defendant; (e) anyone retained to assist outside counsel of record for any Defendant in the preparation or hearing of this proceeding including experts, consultants, contract attorneys, litigation support services, and their staff, provided they are not affiliated with a Defendant in any way and have signed Exhibit A; (f) any witness or deponent who may have authored or received the information in question; and (g) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation.  Nothing in this Protective Order precludes a Party from using or disseminating its own Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material that it has produced to its own employee-witness or an expert witness retained by the Party.

8. Disclosure of Confidential Material to any person described in Paragraph 7 of this Protective Order shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal therefrom, and for no other purpose whatsoever; *provided*, *however*, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by its Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any legal obligation imposed upon the Commission.

9. In the event that any Confidential Material is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a third party, the Party including the material in its papers shall immediately notify the submitter of such inclusion. Confidential Material contained in the papers shall remain under seal until further order of the Court; *provided*, *however*, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraph 7. Upon or after filing any paper containing Confidential Material, the filing Party shall file on the public record, within seven (7) calendar days, a duplicate copy of the paper that does not reveal Confidential Material. Further, if the protection for any such Material expires, a Party may file on the public record a duplicate copy which also contains the formerly protected Material.

10. If counsel plans to introduce into evidence at the hearing any Document or transcript containing Confidential Material produced by another Party or by a third party, they shall provide advance notice to the other Party or third party for purposes of

allowing that Party to seek an order that the Document or transcript be granted in camera treatment.  If that Party wishes in camera treatment for the Document or transcript, the Party shall file an appropriate motion with the Court within five (5) business days after it receives such notice.  Except where such an order is granted, all Documents and transcripts shall be part of the public record.  Where in camera treatment is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

11.    If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or third party, the recipient of the discovery request shall promptly notify the submitter of receipt of such request.  Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least ten (10) business days before production, and shall include a copy of this Protective Order and a cover letter that will apprise the submitter of its rights hereunder.  Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material, subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court.  The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Material.  In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery request in another proceeding that are directed to the Commission.

12. At the time that any expert, consultant or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential information. At the conclusion of this proceeding, including the exhaustion of judicial review, the Parties shall return or destroy Documents obtained in this Litigation to their submitters; *provided*, *however*, that the Commission's obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

13. In the event of an inadvertent disclosure of any Confidential Material to any person(s) not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall promptly notify the Party that produced the Confidential Material that the material has been disclosed and provide to such person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Material.

14. All Documents produced will be treated as Confidential Material for ten (10) business days from the date this Protective Order is filed, even if not designated in accordance with this Protective Order. Any production of Documents not designated as Confidential Material will not be deemed a waiver of any future claim of confidentiality

concerning such information if it is later designated as Confidential Material. If at any time prior to the conclusion of this Litigation, a Party or third party determines that it should have designated as Confidential Material any Documents that the Party previously produced, it may so designate such Documents by notifying the Parties in writing. The Parties shall thereafter treat the Documents pursuant to the new designation under the terms of this Protective Order. No prior disclosure of newly designated Confidential Material shall violate this Protective Order, provided that the prior disclosure occurred more than ten (10) business days after that Confidential Material was produced without having been designated as Confidential Material. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent designation.

15. The production of any privileged or otherwise protected Document is not and shall not be deemed a waiver of any claim of privilege or protection arising under the attorney-client privilege, the protection afforded to work-product materials, or any other privilege or protection from discovery. If any Party learns that its privileged or protected material has been produced, it must promptly notify the receiving parties in writing, and each receiving party shall immediately return such Document and all copies to the producing party or destroy such Document and certify that destruction to the producing party. A Party may move the Court for an order compelling production of the material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party asserting the privilege or protection must file its opposition under seal and submit a copy of the material in question for in camera review.

16.     The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Materials, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.

17.     There will be no modifications to this Protective Order absent mutual agreement in writing among all of the Parties.

**SO ORDERED:**

Dated: _____

United States District Court Judge

## EXHIBIT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____ , am employed by

_____ . I acknowledge and certify as follows:

1. I have read the Protective Order in Federal Trade Commission v. Illumina, Inc., and GRAIL, Inc., No. [●], United States District Court for the [●], and agree to be bound by its terms.

2. I will not make copies or notes of Confidential Material that I receive in this Litigation except as necessary to enable me to render assistance in connection with this Litigation.

3. I will not disclose Confidential Material that I receive in this Litigation to any person not expressly entitled to receive it under the terms of the Protective Order, and will retain any such material in a safe place.

4. I will not use Confidential Material that I receive in this Litigation for any purpose other than that authorized by the Protective Order.

5. I will retain all Confidential Material that I receive in this Litigation in my custody until I have completed my assigned duties, whereupon the materials will be returned to the party that provided them to me or destroyed, as provided by the Protective Order. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6. I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

Date: _____    Signature:_____
                                                     Address: _____
                                                                  _____